IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Disability Rights South Carolina, A.C., J.H., and H.M., on behalf of themselves and others similarly situated, | 8:22-cv-01358-MGL-JDA |
| Plaintiffs, | |
| v. | **ORDER ON MOTION FOR ATTORNEYS FEES** |
| Richland County, | |
| Defendant. | |

This matter is before the Court on Plaintiffs' motion for attorney's fees. [Doc. 41.] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this matter has been referred to the undersigned magistrate judge.

## **BACKGROUND**

This is a civil rights action brought by Plaintiffs, as representatives of a putative class pursuant to Rule 23 of the Federal Rules of Civil Procedure, alleging Defendant failed to provide adequate mental health care and safe and sanitary conditions of confinement to detainees suffering from serious mental illness confined at Alvin S. Glenn Detention Center ("ASGDC"). [Doc. 12.] On October 10, 2022, Plaintiffs filed a motion to compel discovery. [Doc. 28.] After considering the motion and responses, the undersigned granted Plaintiffs' motion to compel and directed Plaintiffs to file an itemized request for attorney's fees. [Doc. 38.] On December 27, 2022, Plaintiffs filed the instant motion for attorney fees. [Doc. 41.] Defendant failed to file a response to Plaintiffs' motion. Thus, the motion is now ripe for consideration.

**APPLICABLE LAW**

The proper calculation of an attorney's fee award involves a three-step process. First, the Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In determining what constitutes a reasonable number of hours and rate, the Court considers the factors outlined in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (1974) (the "*Johnson* factors"). *Id.* at 243–44*; see also Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the twelve factors set forth in *Johnson)*.[1]

Next, the Court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Robinson*, 560 F.3d at 244 (internal quotation marks and citation omitted). Finally, the Court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

---

[1]In *Barber*, the Fourth Circuit identified the twelve *Johnson* factors as follows:

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

577 F.2d at 226 n.28.

Rule 37(a)(5)(A) provides that if a motion to compel is granted, as in the present case, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. Pro. 37(a)(5)(A). The awarding of expenses and fees is mandatory unless the Court finds that one of the following three exceptions applies: (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) "other circumstances make an award of expenses unjust." *Id.*

## DISCUSSION

**The *Johnson* Factors**

The Court now considers the relevant *Johnson* factors as follows.

**Reasonableness of Hours and Rate**

In determining the reasonableness of the hours and rate requested, the Court notes that Plaintiffs seek attorney's fees as follows:

| Timekeeper | Role | Years Experience | Hours | Rate | Total |
|---|---|---|---|---|---|
| Stuart Andrews | Associate | 40+ | 5.3 | $450 | $ 2,385.00 |
| Annie Bame | Attorney | *not indicated* | 1.0 | $250 | $ 250.00 |
| Sarah Cox | Associate | 4 | 28.7 | $275 | $ 7,892.50 |
| Nekki Shutt | Partner | *not indicated* | .2 | $400 | $ 80.00 |
| Amy Abercrombie | Paralegal | *not indicated* | 4.1 | $135 | $ 553.50 |
| | | | | | $11, 161.00 |

Plaintiffs submitted the affidavit of Sarah Cox as well as time records that detail the tasks completed in an effort to obtain the outstanding discovery at issue in the motion to compel. [Doc. 41-1.] The time records are broken down by task and include the date the task was completed, the amount of time it took, the timekeeper's name, and a brief description of each task. [*Id*. at 6–10.] In total, Plaintiffs seeks to recover fees for 39.3 hours of work completed by their attorneys in an effort to obtain the requested discovery.

With respect to the reasonableness of the hours requested, counsel for Plaintiffs contends that the amount of time expended in relation to the motion to compel was "reasonable and . . .necessary." [Doc. 41-1 at 2, ¶ 11.] In her affidavit, Attorney Cox noted that she "reviewed all of the time [Plaintiffs' counsel] expended and eliminated any time that was unnecessarily duplicative, or which may have been non-legal tasks or tasks unrelated to the filing of the Plaintiffs' Motion to Compel." [*Id*. at ¶ 9.] The Court has reviewed the hourly entries submitted along with this motion and has found no basis for determining the requested hours are unreasonable.

### *Novelty of the issues*

In reviewing the number of hours expended, the Court also considers whether any of the issues presented were novel or particularly difficult to adjudicate. As noted, this case is a civil rights action, alleging Defendant failed to provide adequate mental health care and safe and sanitary conditions of confinement to detainees suffering from serious mental illness while confined at ASGDC. [Doc. 12.] While this case may present complicated issues regarding the adequacy of mental health care available at ASGDC and provided to Plaintiffs, the Court does not find the issues to be so novel that it would require

4

extraordinary time. The Court also notes that Plaintiffs' counsel does not seek an upward adjustment of fees based on this factor.

### *Skill required to properly perform the legal services rendered*

The lack of novel or difficult issues in this case also indicates that there was no need for a particularly unique or specialized skill to prosecute the case on Plaintiffs' behalf, although it should be noted that Attorney Andrews has over 40 years of civil litigation experience, including civil rights experience. [Doc. 41-1 at 2, ¶ 8.]

### *Johnson Factors 4–12*

The Court has considered the remaining *Johnson* factors and finds that they do not warrant any adjustment to the amount of fees sought by Plaintiffs in that these factors are not applicable to the circumstances of this case.

**Reduction of Lodestar Amount**

The loadstar amount in this case is the amount requested by Plaintiffs—$11,164.60. After determining the lodestar amount, the Court must subtract any fees expended upon unrelated claims that were ultimately unsuccessful. Because Plaintiffs were successful on all claims in its motion to compel, the Court declines to reduce the amount requested. Also, and importantly, Plaintiffs' request for attorneys' fees in the amount of $11,164.60 is unopposed.

### **CONCLUSION**

In light of the *Johnson* factors and the degree of success obtained by Plaintiffs' counsel, Plaintiffs' motion for attorneys' fees is GRANTED and Plaintiffs are awarded attorneys' fees in the amount of  $11,164.60.

IT IS SO ORDERED.

<u>s/Jacquelyn D. Austin</u>
United States Magistrate Judge

January 18, 2023
Greenville, South Carolina