UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Disability Rights South Carolina, and Unnamed Plaintiffs as Class Representatives on behalf of themselves and others similarly situated,[1] <br><br> Plaintiffs, <br><br> v. <br><br> Richland County, <br><br> Defendant. | C/A No. 8:22-cv-1358-MGL-WSB <br><br><br><br><br> **ORDER** |

This matter is before the Court on Plaintiffs' Motion to Compel. ECF No. 157. The undersigned United States Magistrate Judge is authorized to review all pretrial motions in this case under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). For the reasons below, the Motion to Compel is granted in part and denied in part.

**BACKGROUND**[2]

Plaintiffs filed a Motion to Compel on December 19, 2024, seeking (1) permission to conduct an inspection of ASGDC and (2) Defendant's production of certain documents responsive to Plaintiffs' discovery requests. ECF No. 157. On January 2, 2025, Defendant filed a Response in Opposition to the Motion only as to the logistics of the inspection of ASGDC. ECF No. 163. At a hearing held on January 7, 2025, the parties presented argument on issues related to the

---

[1] The Unnamed Plaintiffs are detainees at the Alvin S. Glenn Detention Center ("ASGDC") in Richland County, South Carolina, who suffer from serious mental illness ("SMI Detainees").

[2] This Court previously discussed the background of this case and provided a summary of the allegations from the Second Amended Complaint, which is the operative pleading, in the Report and Recommendation filed on December 19, 2024. ECF No. 153 at 1–8. The Court incorporates that background by reference.

1

logistics of the site inspection. ECF No. 168. Following the hearing, the undersigned issued a Text Order dated January 8, 2025, addressing the issues regarding the inspection and taking under advisement the portion of the motion regarding the request for production of documents, subject to further briefing to be submitted by the parties. ECF No. 170. Accordingly, the only unresolved issues in Plaintiffs' Motion to Compel are the parties' disputes over the production of documents responsive to Plaintiffs' Requests for Production ("RFP").

Defendant filed a Response in Opposition to the Motion to Compel as it pertains to the production of documents on January 13, 2025. ECF No. 175. Plaintiffs filed a Reply on January 21, 2025. ECF No. 182. The Motion is ripe for adjudication.

## APPLICABLE LAW

**Scope of Discovery**

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The scope of discovery under Rule 26 is defined by whether the information sought is (1) privileged, (2) relevant to a claim or defense, and (3) proportional to the needs of the case." *S.C. State Conf. of NAACP v. McMaster*, 584 F. Supp. 3d 152, 159 (D.S.C. 2022).

A party seeking discovery may move for an order compelling an answer or production if a party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). Federal district courts are vested with broad discretion in resolving discovery disputes and deciding whether to grant a motion to compel. *Erdmann v. Preferred Research, Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988); *see Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995) ("The scope and conduct of discovery are within the sound discretion of the district court."). "While the party seeking discovery has the burden to establish its relevancy and proportionality, the party objecting has the burden of showing the discovery should not be allowed and doing so through clarifying, explaining and supporting its objections with competent evidence." *Mach. Sols., Inc. v. Doosan Infracove Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018) (internal quotation marks omitted). "A discovery request is relevant if there is any possibility that the information sought might be relevant to the subject matter of the action." *Id.* (alteration and internal quotation marks omitted). Whether a discovery request is proportional is determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

**Rule 34**

Rule 34 of the Federal Rules of Civil Procedure governs requests for production of documents. It requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive

materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). And, "[a]n objection to part of a request must specify the part and permit inspection of the rest." *Id.*

**Motions to Compel**

Rule 37 of the Federal Rules of Civil Procedure provides that, if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (holding that a district court is afforded "substantial discretion in managing discovery"); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (holding that "[a] motion to compel discovery is addressed to the sound discretion of the district court"). The party opposing the discovery bears the burden of demonstrating why discovery should be denied. *See, e.g.*, *Beazer Homes Corp. v. Hartford Fire Ins. Co.*, C/A No. 4:10-cv-2419-RBH-TER, 2012 WL 6210323, at *4 (D.S.C. Dec. 13, 2012) ("The party opposing a motion to compel bears the burden [of] showing why it should not be granted.").

## ANALYSIS

The present discovery dispute involves several RFPs served by Plaintiffs on Defendant.[3] Plaintiffs argue Defendant has refused to produce documents responsive to the RFPs in compliance with Rule 34. ECF No. 157 at 1. Defendant argues the documents sought have either been produced, are in the process of being produced, or are outside the scope of discovery. ECF No. 175 at 3. Defendant notes that "[s]ince September 2022, Plaintiffs have propounded twenty

---

[3] Specifically, the Motion involves the following RFPs: Fifteenth RFP, No. 6; Sixteenth RFP, Nos. 33 and 44; Seventeenth RFP, No. 7; Eighteenth RFP, Nos. 13 and 17; and Twentieth RFP, No. 2. Plaintiffs have attached to the Motion the RFPs served on Defendant and Defendant's responses served on Plaintiffs. *See* ECF Nos. 157-1; 157-2; 157-3; 157-4; 157-13.

4

different sets of [RFPs], including a total of approximately 222 Requests, many of which contained multiple subparts (broadening what is being requested) and others that are duplicative of earlier Requests. In response, the County has produced more than 247,026 pages of documents, including video and thousands of excel spreadsheets which do not count as more than one page, given they are produced natively with a slip sheet." ECF No. 175 at 2–3.

Plaintiffs' RFPs are organized into two groups: (1) RFPs related to ASGDC staff performance and ASGDC staff recruitment and retention and (2) RFPs related to purported assaults.

**RFPs Related to ASGDC Staff Performance, Recruitment, and Retention**

Several of the RFPs—Sixteenth RFP, No. 44; Seventeenth RFP, No. 7; Eighteenth RFP, Nos. 13 and 17; and Twentieth RFP, No. 2—all relate to what Plaintiffs refer to as ASGDC staff performance and ASGDC staff recruitment and retention. ECF No. 157 at 4, 6, 8–9. These RFPs request the production of documents as follows:

> **Sixteenth RFP, No. 44**
>
> Produce all documents concerning the performance of the responsibilities of the following individuals in their respective positions at ASGDC, including without limitation, performance evaluations, staff complaints and grievances, detainee complaints and grievances, investigations, and HR files: Gerald Hardwell, Crayman Harvey, Kevin McCullough, Monica Owens, Johnette Pinkney, Antoine Pugh, Vilca Turbin, Brient Sapp and Kenneth Sligh.
>
> **Seventeenth RFP, No. 7**
>
> Produce all documents since June 1, 2024, concerning internal disciplinary charges or criminal charges against any individual, including, without limitation, detainees and ASGDC staff or contractors, related to the use or distribution of contraband drugs.

### Eighteenth RFP, Nos. 13

Produce documents identifying all current and former Richland County employees who, since January 1, 2023, filed workers' compensation claims against the County arising from their work at ASGDC.

### Eighteenth RFP, Nos. 17

Produce all documents from January 1, 2021, showing complaints or grievances by current or former Richland County employees working at [ASGDC] of fraternization, favoritism, romantic or sexual relationships among ASGDC staff and supervisors.

### Twentieth RFP, No. 2

Produce the County HR files for ASGDC security officers Bridgett Williams and Ashanti Rembert.

*Id*. at 4–5; *see* ECF Nos. 157-1 at 12 (Sixteenth RFP, No. 44); 157-2 at 7 (Seventeenth RFP, No. 7); 157-3 at 8 (Eighteenth RFP, Nos. 13 and 17); 157-4 at 7 (Twentieth RFP, No. 2).

According to Plaintiffs, the disputes related to these RFPs "turn[] on whether the production of documents related to the performance of ASGDC security staff, supervisors, and administrators is reasonably calculated to lead to the discovery of admissible evidence." ECF No. 157 at 4. Plaintiffs assert that Defendant has objected to each of these requests arguing they are overly broad, not related to Plaintiffs' claims concerning SMI Detainees, and are not proportionate to the needs of the case. *Id*. at 5. Plaintiffs contend that the requests relate to allegations in the Second Amended Complaint that Defendant has been deliberately indifferent to the need to protect SMI Detainees from substantial risks of serious harm in various respects and that the adequacy of Defendant's staffing of ASGDC is central to Plaintiffs' claims. *Id*. at 5–6. The Court addresses each RFP and the parties' specific arguments as to each RFP in turn below.

*Sixteenth RFP, No. 44*

Plaintiffs' Sixteenth RFP, No. 44 seeks documents concerning the performance of responsibilities of nine ASGDC staff members, including performance evaluations, staff complaints and grievances, detainee complaints and grievances, investigations, and HR files. ECF No. 157-1 at 12. Plaintiffs argue the personnel records of these ASGDC executives and supervisors would produce evidence about the extent to which Defendant monitors inappropriate employee conduct, documents and investigates complaints, and holds employees accountable for contributing to Defendant's violations of SMI Detainees' constitutional rights. ECF No. 182 at 3.

Defendant objected to Plaintiffs' Sixteenth RFP, No. 44 as follows:

> Defendant objects to this Request as overly broad and not reasonably limited in time or scope as it seeks information for more than just the alleged putative class or group of individual plaintiffs and beyond the allegations in the Complaint, which only relate to detainees with severe mental illness; therefore, it is not proportional to the needs of the case as required by Rule 26(b)(1), FRCP. Additionally, there is no time period for this Request, and given the allegations in the Complaint, the Request necessarily seeks irrelevant information. There is not an issue in the litigation that will be more or less likely to have occurred based on the personnel files of the above-named individual employees who are not parties to the litigation. . . .

ECF No. 157-1 at 39.

Defendant argues the Second Amended Complaint makes no specific allegation about any particular officer or supervisor at ASGDC and that personnel files and related documents concerning officers and supervisors are outside the scope of discovery and unrelated to the claims asserted. ECF No. 175 at 11. Defendant contends that, without a time limitation, this request is overly broad because it "seeks any document whether it is in a personnel file or elsewhere and for an unlimited time." *Id*. at 12. By way of example, Defendant notes that certain employees, such as Kenneth Slight, "have been around a long time" and "their entire employment at ASGDC would

7

potentially be responsive although this litigation does not relate back to that entire period of time." *Id*. Defendant also argues this RFP is overly broad in scope because it does not put a limit on the type of document being sought. *Id*. at 13. By way of example, Defendant explains that detainee grievances were originally maintained in the specific individual detainee's file and that Plaintiffs' request would therefore require Defendant to review files for detainees that have nothing to do with this litigation to collect potentially responsive documents. *Id*. Defendant further notes it has produced searchable grievance files taken from the electronic grievance program implemented in 2024 and Plaintiffs can search those documents already in their possession for any alleged detainee grievances. *Id*. RFP No. 44, as written, contains no time limitation. In response to Defendant's time limitation arguments, Plaintiffs concede they will limit the time covered by this request to the period beginning January 1, 2022. ECF No. 182 at 3.

In light of the parties' arguments, the Court grants in part and denies in part Plaintiffs' Motion as to the Sixteenth RFP, No. 44. Defendant must produce the HR files and any other responsive personnel files kept in the ordinary course of business for the nine individuals referenced in the RFP, beginning January 1, 2022, until the present. All other relief is denied.

### *Seventeenth RFP, No. 7*

Plaintiffs' Seventeenth RFP, No. 7 seeks internal disciplinary charges or criminal charges against both detainees and ASGDC staff related to the use or distribution of contraband drugs. ECF No. 157-2 at 7. Plaintiffs note they have alleged that Defendant has failed to protect SMI Detainees from the prevalence of contraband drugs. ECF No. 182 at 3. Plaintiffs ask the court to reject Defendant's argument that it is sufficient for Plaintiffs to be informed about the extent of the security staff's involvement in drug trafficking at the jail by searching detainee grievance records

because a grievance system search would not address the question of what Defendant knew about the role of ASGDC personnel in the proliferation of unlawful drugs within the facility. *Id*.

Defendant objected to this RFP as follows:

> Defendant objects to this Request as overly broad and not reasonably limited in scope as it seeks information for more than just the alleged putative class or group of individual plaintiffs and beyond the allegations in the Complaint, which only can relate to detainees with severe mental illness; therefore, it is not proportional to the needs of the case as required by Rule 26(b)(1), FRCP. This Request would not yield documents that make any fact that is of consequence in this litigation more or less likely to have occurred as the identity of individuals who have been charged but not convicted of something would serve to confuse the issues. . . .

ECF No. 157-2 at 15. Defendant argues that internal disciplinary charges, including criminal charges, are not maintained in aggregate form as requested by Plaintiffs and, as a result, would be unduly burdensome and not proportional to the needs of the case. ECF No. 175 at 14. Defendant explains:

> [I]nformation responsive to this Request is not kept in one specific folder related to **all** disciplinary charges or criminal charges whether for a detainee or a staff member; therefore, finding these documents would require the review of individual detainee files (of which there are thousands) as well as individual personnel files of unnamed individual employees. Moreover, because these files have been maintained in paper over time (and as a result are not searchable in any way other than by hand), it would require a review of documents in a separate warehouse that would take tens if not hundreds of attorney hours (depending on the date range), which in turn would be extremely costly. As the costs far outweigh the benefits of an investigation into potentially responsive paper documents that have limited to no relevance to the litigation, this Request is not proportional to the needs of the case.

*Id*. at 15.

The Court finds Defendant's argument only partially persuasive. Plaintiffs' request for "internal disciplinary charges or criminal charges against any induvial . . . without limitation . . .

9

related to the use or distribution of contraband drugs" is both broad and vague. However, Plaintiffs' RFP notably requests only responsive documents since June 1, 2024. This narrow date range does not support Defendant's contention that Plaintiffs are seeking an expansive set of paper documents "in a separate warehouse" requiring "hundreds of attorney hours." While Defendant notes that some of "these files have been maintained in paper over time," Defendant does not indicate whether any of the files, since June 1, 2024, requested in this RFP are available electronically for Defendant to search and locate. Defendant previously noted it implemented an electronic grievance program with searchable grievance files beginning in 2024. *Id*. at 13.

Based on the foregoing, Plaintiffs' Motion as to the Seventeenth RFP, No. 7 is granted in part and denied in part. Defendant must produce any readily available records regarding internal disciplinary charges or criminal charges against ASGDC staff related to the use or distribution of contraband drugs since June 1, 2024, and any readily available records regarding criminal charges against detainees related to the use or distribution of contraband drugs inside the ASGDC since June 1, 2024.

### *Eighteenth RFP, No. 13*

Plaintiffs' Eighteenth RFP, No. 13 seeks workers' compensation claims filed by "all current and former Richland County employees" since January 1, 2023 "arising from their work at ASGDC." ECF No. 157-3 at 8. Plaintiffs argue that a former ASGDC employee, Pattie Green, testified in her deposition that she never felt safe at the jail and was assaulted on multiple occasions. ECF No. 157 at 9. Based in part on Green's testimony, Plaintiffs argue:

> The occasions when other ASGDC staff were harmed as a result of inadequate supervisions or otherwise harmed by injuries [sic] conditions at the jail can be reasonably calculated to lead to the discovery of admissible evidence related to Plaintiffs' claims as discussed above. For that reason, the request seeking the production of documents identifying current and former Richland County

10

> employees, who, since January 1, 2023, filed workers' compensation claims is within the appropriate scope of discovery.

*Id*. Plaintiffs contend "Defendant has introduced the issue of whether it has reasonably undertaken measures to recruit and retain ASGDC staff." ECF No. 182 at 2. According to Plaintiffs, "[t]o the extent workers compensation claims provide evidence of a culture of violence within the facility, the evidence would be yet additional evidence that would refute Defendant's denial of the fact and make more probable a finding that Defendant is unable to protect SMI Detainees from harm." *Id*.

Defendant argues that workers' compensation claims are not proportional to the needs of this case and amount to a fishing expedition, that they are not relevant, that they will confuse the actual issues, and that they will "create discovery about discovery." ECF No. 175 at 7. Defendant asserts it does not maintain a database of workers' compensation claims that can be filtered to create the documents Plaintiffs seek. *Id*. at 9. Defendant also contends that workers' compensation claims "are filed for a variety of reasons, not only because someone felt there was a lack of supervision or felt unsafe." *Id*.

Defendant's ability to recruit and retain staff and protect staff at ASGDC is a central issue in this case. Therefore, Plaintiffs have sufficiently demonstrated that certain worker's compensation claims are proportional to the needs of the case. Plaintiffs have limited their request to workers' compensation claims filed since January 1, 2023. The request as written seeks documents on "all current and former Richland County employees" since January 1, 2023 "arising from their work at ASGDC." ECF No. 157-3 at 8. The proportionality showing has been met as to documents which identify ASGDC employees (and not any Richland County employee) whose claims arose during the scope of their employment at ASGDC since January 1, 2023.

Defendant has not met its burden of showing that the requested discovery should not be produced. Defendant's contention that it does not maintain a database of employee workers'

11

compensation claims is without merit, and Defendant should be able to reasonably locate documents which identify the individuals who filed workers' compensation claims responsive to the narrow limitations in this RFP without an extensive or expensive undertaking. Defendant's argument that production of discovery responsive to this RFP will induce "discovery about discovery" is also unavailing. Plaintiffs' request in this RFP is not impermissible "discovery on discovery" and whether production of responsive documents will lead to additional discovery is not a sufficient basis to deny Plaintiffs' request. *Black v. W. Virginia State Police*, C/A No. 3:22-cv-00096, 2023 WL 4834948, at *9 (S.D.W. Va. July 27, 2023) ("Discovery on discovery has been broadly described by courts as any discovery seeking information regarding a party's preservation, collection, and retention efforts. Its purpose is generally to challenge the sufficiency and thoroughness of the other party's production of documents and other evidence.") (citation omitted).

Defendant argues that "[w]orkers' compensation claims are filed for a variety of reasons, not only because someone felt there was a lack of supervision or felt unsafe," and that the scope of workers' compensation claims will be broader than those claims related to the issues identified by Plaintiffs. ECF No. 175 at 9. That is undoubtedly true. However, Plaintiffs have limited their request to a narrow time period which mitigates Defendant's concern that the request "would require an immense amount of investigation as to each particular worker's compensation claim to gain any understanding of whether it is responsive to what Plaintiffs allege they need." *Id*. at 10. Defendant's contention that some workers' compensation claims would contain irrelevant information is without merit as Plaintiffs have sufficiently demonstrated that some claims could be relevant to the issues in this case and Plaintiffs should be permitted to evaluate those claims to determine whether they might contain information which is admissible at trial or might reasonably lead to the discovery of information which is admissible at trial. *See Washington v. Follin*, C/A

No. 4:14-cv-00416-RBH-KDW, 2016 WL 1614166, at *7 (D.S.C. Apr. 22, 2016) ("Relevant information is a broader concept than admissible evidence. To be relevant, information need only be calculated to lead to the discovery of admissible evidence; it need not be admissible itself."). The Court is not persuaded that the number of irrelevant workers' compensation claims for the limited period requested by Plaintiffs are so voluminous as to make this request a fishing expedition or that Defendant is unable to identify those claims with a reasonable amount of effort. Defendant therefore must produce documents responsive to this RFP, which is limited to documents sufficient to identify ASGDC employees who filed workers' compensation claims during the scope of their employment since January 1, 2023.

### *Eighteenth RFP, No. 17*

Plaintiffs' Eighteenth RFP, No. 17 seeks complaints or grievances by ASGDC staff of fraternization, favoritism, and romantic or sexual relationships. ECF No. 157-3 at 8. Plaintiffs contend that "evidence of complaints of fraternization and other inappropriate workplace relationships and their effect on work assignments and consideration for promotions would make more probable than not the existence of a workplace at ASGDC unable to attract and retain a sufficient number of security staff to protect SMI Detainees form harm." ECF No. 182 at 2–3.

Defendant made the following objection to this RFP:

> Defendant objects to this Request as overly broad and not reasonably limited in time or scope as it seeks information for more than just the alleged putative class or group of individual plaintiffs and beyond the allegations in the Complaint, which only can relate to detainees with severe mental illness; therefore, it is not proportional to the needs of the case as required by Rule 26(b)(1), FRCP. Additionally, Defendant objects as this Request does not place a reasonable limit on the period of time as 2021 was three years ago, and that period of time does not matter for purposes of this Complaint; therefore, it necessarily seeks documents that are irrelevant to the allegations as pled and serves as a fishing expedition. Moreover, the documents requested here would confuse

        the issues in this case which have nothing to do with employee relationships.

ECF No. 157-3 at 20. Defendant argues this RFP is nothing more than a "fishing expedition" seeking irrelevant information and that Plaintiffs rely on a witness without personal knowledge. ECF No. 175 at 16. Defendant argues "there is not a single file for employee complaints or grievances that could be filtered to determine whether there is responsive information to this Request" and that if an employee received a complaint or grievance from another employee, that document would be in the employee's personnel file requiring each individual file to be searched to determine if responsive information even exists. *Id*. at 17. Defendant notes that this RFP seeks any document related to any individual for more than a three-year period.

    Plaintiffs' request is vague, overbroad, and not narrowly tailored in such a way to allow Defendant to produce responsive documents. The Court has seen nothing in the record that "fraternization" is causing harm to SMI Detainees or impacting staffing levels at the ASGDC.[4] This RFP seeks any document for a three-year period for any ASGDC employee related to "complaints or grievances." Plaintiffs' request is burdensome in that it would require Defendant to evaluate every employee file for over a three-year period and make subjective assessments whether the files contain "complaints or grievances" concerning fraternization, favoritism, or improper employee relationships. Plaintiffs' Motion to Compel as to the Eighteenth RFP, No. 17 is denied.

---

[4] Plaintiffs rely on the deposition of Patti Green who "testified that during the eighteen months she worked at the jail from July 2022 to February 2024 sexual relations between ASGDC front-line detention officers and their supervisors was pervasive and affected the performance of security officers and supervisors." ECF No. 157 at 9 n.1. Plaintiffs have not shown, however, beyond speculation that any fraternization among ASGDC employees impacted the safety of SMI Detainees or impeded the ability of ASGDC staff to protect SMI Detainees from harm. Plaintiffs therefore have not met their burden to show that the requested documents in this RFP are relevant and proportional to the needs of this case.

***Twentieth RFP, No. 2***

Plaintiffs' Twentieth RFP, No. 2 seeks HR files for Bridgett Williams ("Williams") and Ashanti Rembert ("Rembert"). ECF No. 157-4 at 7.

Defendant argues that individual personnel files are not relevant to this case, especially given that the files requested do not relate to claims made by Plaintiffs. ECF No. 175 at 11. Defendant served the following objection to this RFP:

> Defendant objects to this Request as overly broad and not reasonably limited in scope as it seeks information for more than just the alleged putative class or group of individual plaintiffs and beyond the allegations in the Complaint, which only can relate to detainees with severe mental illness. Further, Plaintiffs have no allegations in their Complaint related to either Bridgett Williams or Ashanti Rembert; therefore, it is not proportional to the needs of the case as required by Rule 26(b)(1), FRCP. . . .

ECF No. 157-4 at 11.

In the Motion to Compel, Plaintiffs note that Williams and Rembert were arrested on August 21, 2024, and accused of supplying drugs to detainees at ASGDC when they were employed as detention officers. ECF No. 157 at 7. Plaintiffs contend that the adequacy of Defendant's staffing at ASGDC is central to Plaintiffs' claims and that Defendant failed to protect detainees from the prevalence of contraband drugs. *Id*. at 6–7. The Second Amended Complaint alleges that "Defendant has operated ASGDC in a manner deliberately to SMI Detainees' substantial risk of serious harm in . . . [f]ailing to protect SMI Detainees, even when supervised, by its deliberate indifference to the prevalence of contraband weapons and drugs throughout the facility and to the robberies, beatings, extortions, sexual assaults, and stabbings that have occurred and continue to occur under the watch of ASGDC detention officers and supervisors." ECF No. 99 at 1–2, ¶ 2. Plaintiffs further allege that Defendant's attempted mitigation has been unreasonable and inadequate as the staffing shortages and "soaring presence of contraband drugs

and weapons" have left SMI Detainees "no safe sanctuary." *Id*. at 26, ¶ 107. Plaintiffs allege that Defendant violated the rights of SMI Detainees to be free from "the substantial risk of serious harm caused by the introduction of contraband weapons and drugs by detention officers with the knowledge and complicity of security staff supervisors." *Id*. at 27, ¶ 113.

The Court finds the HR files for Williams and Rembert are relevant to Plaintiffs' claims and are proportional to the needs of the case. Defendant has failed to satisfy its burden in objecting to these documents. Defendant's contention that Plaintiffs presented no allegations in their Second Amended Complaint related to either Williams or Rembert is insufficient as Plaintiffs alleged ASGDC staff were providing contraband drugs to inmates. Accordingly, Plaintiffs' Motion as to the Twentieth RFP, No. 2 is granted, and Defendant must produce the HR files for Williams and Rembert.

**RFPs Related to Assaults**

The remaining two RFPs—Fifteenth RFP, No. 6 and Sixteenth RFP, No. 33—involve "Production Requests Related to Assaults." ECF No. 157 at 10–11. According to Plaintiffs, Defendant has "limited without justification the production of documents related to serious assaults in response to the [following two RFPs]." *Id*. at 10.

> **Fifteenth RFP, No. 6**
>
> All documents relating to [Detainee Name Redacted] including detention records, medical records, classification records, disciplinary records, his housing activity report and all investigations and communications concerning [Detainee Name Redacted] since January 1, 2021, to date. Also, produce the following concerning [Detainee Name Redacted]: unit video footage for BMU and officer body camera footage concerning the assault on [Detainee Name Redacted] on or about June 11, 2024; the BMU unit logs for June 9–12, 2024; incident reports and detainee statements concerning the assault on [Detainee Name Redacted]; all internal and external investigative files and reports related to the assault on [Detainee Name Redacted]; watch tour records from June

> 9–12, 2024 in BMU; and notes of all witnesses to the assault on [Detainee Name Redacted], including detainees, staff and medical personnel.
>
> **Sixteenth RFP, No. 33**
>
> Produce all documents, including all video and audio footage, that incorporate or relate to an alleged physical assault that occurred on July 30, 2024, concerning [Detainee Name Redacted] and security staff, including without limitation Sergeants Pugh and Goodwin and Officer McRae.

*Id*. at 10–11; *see* ECF Nos. 157-13 at 8–9 (Fifteenth RFP, No. 6); 157-1 at 10 (Sixteenth RFP, No. 33). The Court addresses these two RFPs in turn below.

### *Fifteenth RFP, No. 6*

Plaintiffs argue, as to the Fifteenth RFP, No. 6, that Defendant "agreed to provide this detainee's detention records and medical records, and provided qualified responses concerning video or audio footage, an incident report, and unit logs." ECF No. 157 at 10. However, "Defendant did not respond to Plaintiffs' request for classification records, investigative files, or watch tour reports." *Id*. Plaintiffs contend that this detainee, a homeless 36-year-old man with a serious mental-illness, was assaulted by his cell mate and was hospitalized for weeks with severe injuries. *Id*. In their Reply to Defendant's Response in Opposition to the Motion to Compel, Plaintiffs note that "[t]his request involves the production of records concerning the brutal attack of a profoundly mentally ill man by his cell mate." ECF No. 182 at 2. Plaintiffs contend they have requested investigative files relating to the assault and that Defendant's Response "neither denies the existence of an investigation report or states that it intends to produce it." *Id*.

Defendant argues that this RFP is related to a detainee who is not a Plaintiff. ECF No. 175 at 4. Defendant contends many of the documents requested in this RFP are contained in the "detainee file" already produced. *Id*. at 5. Nevertheless, after a meet and confer on December 17, 2024, Defendant agreed to produce, and did produce on December 24, 2024, the following

17

documents regarding to this detainee: BMU footage and bodycam footage regarding the detainee; the BMU unit log journal and electronic officer tour journal for BMU containing June 9–12, 2024; the detainee's medical records; and the detainee's "detainee file," which contains his housing activity and his classification records. *Id*. at 5. Additionally, Defendant produced an incident report related to the alleged incident in October 2024, and "an incident file related to the June 11 incident, which contains incident reports from a detainee and officers as well as medical records, has been collected for production and will be produced in short order." *Id*. Defendant also agrees to produce "in short order," event log reports for electronic watch tours in BMU between June 9–12, 2024. *Id*. Defendant argues "Plaintiffs' Motion is moot as there are no documents that have been requested that have not been produced; therefore, there remains nothing for the Court to compel." *Id*. at 6.

Based on these arguments, Defendant must produce any investigative files related to the assault described in the RFP, to the extent such files have not already been produced, or confirm that no such files exist. Defendant must also produce any event log reports for electronic watch tours in BMU between June 9–12, 2024. Any other relief sought by Plaintiffs as to this RFP is moot as Defendant has represented that it has produced responsive documents.

### *Sixteenth RFP, No. 33*

As to the Sixteenth RFP, No. 33, Plaintiffs argue that "Defendant has refused to produce documents in response to [this RFP] on the grounds that the victim 'does not have any mental health issue.'" ECF No. 157 at 11. Plaintiffs contend that this detainee was assaulted by Sergeant Pugh and other named supervisors while being moved between units. *Id*. After the assault, this detainee was taken to the medical unit for examination and then placed on suicide watch for two days. *Id*. Plaintiffs argue because an officer placed this detainee in a suicide watch cell for two

days, that should be enough to overcome Defendant's objection that he did not have a mental health issue. *Id*. Plaintiffs also argue that the fact that an unprovoked and unreasonable assault occurred in itself "is reasonably calculated to lead to the discovery of admissible evidence concerning the staff's use of excessive and unreasonable force." *Id*.

Defendant argues that this RFP is related to a detainee who is not a Plaintiff. ECF No. 175 at 6. Defendant contends that, despite its objections and in an effort to resolve this issue, Defendant produced several documents on December 24, 2024, in response to this RFP related to this detainee's alleged assault on July 30, 2024, including medical records and bodycam videos from the alleged incident (which Defendant contends shows this detainee was being disruptive and refused to turn around to be handcuffed upon multiple requests). *Id*. Defendant notes that it is in the process of determining whether additional incident records exist and will produce any such records "in short order." *Id*. at 7. Defendant argues "Plaintiffs' Motion is moot as there are no documents . . . that have not either been produced or [Defendant] has agreed to produce; therefore, there remains nothing for the Court to compel." *Id*.

Because Defendant has clarified that it has produced documents responsive to this RFP and indicates it will produce any further responsive documents, Plaintiffs' Motion is moot. Defendant is reminded of its ongoing obligation to supplement its discovery responses with any responsive documents not already produced.

## CONCLUSION

For the reasons above, Plaintiffs' Motion to Compel is **GRANTED in part** and **DENIED in part** as follows:

- With respect to Plaintiffs' Sixteenth RFP, No. 44, Defendant must produce, within fourteen days of this Order, the HR file documents and any other responsive personnel file documents, beginning January 1, 2022, until the present, kept in the

19

ordinary course of business for the nine individuals referenced in the RFP. All other relief is denied.

- With respect to Plaintiffs' Seventeenth RFP, No. 7, Defendant must produce, within fourteen days of this Order, any readily available records regarding internal disciplinary charges or criminal charges against ASGDC staff related to the use or distribution of contraband drugs since June 1, 2024, and any readily available records regarding criminal charges against detainees related to the use or distribution of contraband drugs inside the ASGDC since June 1, 2024.

- With respect to Plaintiffs' Eighteenth RFP, No. 13, Defendant must produce, within fourteen days of this Order, documents sufficient to identify ASGDC employees who filed workers' compensation claims during the scope of their employment since January 1, 2023.

- With respect to Plaintiffs' Eighteenth RFP, No. 17, the Motion to Compel is denied.

- With respect to Plaintiffs' Twentieth RFP, No. 2, Defendant must produce, within fourteen days of this Order, the HR files for Williams and Rembert.

- With respect to Plaintiffs' Fifteenth RFP, No. 6, Defendant must produce, within fourteen days of this Order, any investigative files related to the assault described in the RFP or confirm that no such files exist. Defendant must also produce any event log reports for electronic watch tours in BMU between June 9–12, 2024. All other relief sought by Plaintiffs as to this RFP is moot as Defendant has produced responsive documents.

- With respect to Plaintiffs' Sixteenth RFP, No. 33, the Motion is found as moot as Defendant has produced responsive documents.

All other relief sought in Plaintiffs' Motion to Compel is **DENIED** without prejudice.

**IT IS SO ORDERED**.

s/William S. Brown  
United States Magistrate Judge

February 20, 2025  
Greenville, South Carolina