UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Disability Rights South Carolina, *individually*, and C.D., J.O., J.H., W.M., T.D., L.D., A.S., F.J. T.J., T.F., and K.B., as Class Representatives on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Richland County,<br><br>Defendant. | Civil Action No. 8:22-cv-01358-MGL-BM<br><br>**DEFENDANT'S NOTICE OF DEATH AND MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS C.D.'S CLAIMS** |

Defendant Richland County ("Defendant" or "Richland County" or the "County"), by and through its undersigned counsel, hereby notifies the Court of Plaintiff C.D.'s death and moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss C.D.'s individuals claims for lack of subject matter jurisdiction as his claims are now moot, and under Fed. R. Civ. P. 23(d)(1)(D) to amend the caption and to remove C.D. as class representative.[1]

## INTRODUCTION

C.D. passed away on December 14, 2025. (Brown Declaration). The only relief asserted in C.D.'s remaining claims is prospective declaratory and injunctive relief concerning his mental health treatment at ASGDC. Because C.D. is no longer detained and he has no damages claim, there is no live case or controversy as to C.D. His claims are moot as a matter of law. Substitution would be futile because no representative or estate can personally benefit from prospective relief on C.D.'s behalf. The Court should dismiss C.D.'s individual claims with prejudice for lack of

---

[1] Undersigned counsel consulted with Plaintiffs' counsel who did not consent to the dismissal of C.D.'s claims without conditions attached.

jurisdiction, remove C.D. from the caption, and clarify that the certified class claims proceed with the remaining class representatives.

**ARGUMENT**

**I.     C.D.'s remaining claims are moot and must be dismissed for lack of jurisdiction.**

This Court's jurisdiction is limited by Article III of the Constitution to live cases or controversies. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). A case or controversy becomes moot when the issues presented are no longer live and the party lacks a cognizable interest in the outcome. *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013).

Here, C.D. is deceased, there is no continuing personal stake in prospective changes at ASGDC, and the Court can award him no effective relief. The Fourth Circuit recently encountered a very similar scenario in *Lancaster v. Secretary of the Navy*, 109 F.4th 283 (2024). In *Lancaster*, the Court addressed this exact issue *sua sponte* after oral argument and after ordering supplemental briefing. The Fourth Circuit held that "Mr. Lancaster's death mooted his claims for prospective relief, whether injunctive or declaratory" because "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *Lancaster v. Secretary of Navy*, 109 F.4th at 290 (citing *O'Shea v. Littleon*, 414 U.S. 488, 495-65, 94 S.Ct. 669 (1974). The court emphasized the fundamental principle that "it is axiomatic that a deceased litigant cannot enjoy prospective injunctive relief." *Id*. Article III's case or controversy requirement "must be extant at all stages of review, not merely at the time the complaint is filed." *Lancaster v. Secretary of Navy*, 109 F.4th at 289 (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 , 95 S.Ct. 2330 (1975)(additional citation omitted). Deceased individuals cannot suffer continuing injury or

2

benefit from prospective relief, death ordinarily moots prospective claims. *Lancaster v. Secretary of Navy*, 109 F.4th at 290.

The Court's Order addressing the Parties' motions for summary judgment declined to certify the proposed class on the inadequate mental health treatment claims, but C.D.'s individual claims were allowed to proceed. C.D.'s individual claims regarding mental health care do not survive his passing and must be dismissed. Defendant requests the Court also remove C.D. as a class representative and amend the caption pursuant to Fed. R. Civ. P. 23(d)(1)(D). With his death, C.D. can no longer serve as a class representative. Because other class representatives remain, the class is not prejudiced. The Court should remove C.D. as a class representative and amend the case caption accordingly.

## II.    Substitution is improper and futile.

Rule 25 allows substitution of the "property party" when a claim is *not extinguished* by death. Fed. R. Civ. P. 25. That is not the case here. C.D.'s remaining claim is purely prospective, personal to his detention status, and unique to him. It does not survive his death in any practical sense as no estate representative can experience or be prospectively protected from the alleged inadequate mental health treatment at ASGDC. Because the only relief available to C.D. was forward-looking, substitution is futile and inconsistent with Article III's live case or controversy requirement as discussed above. The Court should deny any request for substitution as to C.D.'s individual claim and dismiss that claim as moot.

## **CONCLUSION**

Based on the foregoing discussion and argument, Defendant Richland County respectfully requests that the Court take notice of C.D.'s death, dismiss C.D.'s claims with prejudice for lack of subject matter jurisdiction, deny substitution, amend the caption to remove C.D., and modify

3

the class representation to reflect that C.D. is no longer a class representative and that the class claims proceed with the remaining class representatives.

|  |  |
|---|---|
| | s/J. Clayton Mitchell, III<br>John T. Lay, Jr., Fed Bar No. 5539<br>A. Johnston Cox, Fed Bar No. 6534<br>Lindsay A. Joyner, Fed Bar No. 11557<br>J. Clayton Mitchell, III, Fed Bar No. 11739<br>Eleanor L. Jones, Fed Bar No. 13437<br>**GALLIVAN, WHITE & BOYD, P.A.**<br>1201 Main Street, Suite 1200 (29201)<br>Post Office Box 7368<br>Columbia, South Carolina 29202<br>(803) 779-1833<br>jlay@gwblawfirm.com<br>jcox@gwblawfirm.com<br>ljoyner@gwblawfirm.com<br>cmitchell@gwblawfirm.com<br>ejones@gwblawfirm.com<br><br>Andrew F. Lindemann, Fed Bar No. 5070<br>**LINDEMANN & DAVIS, P.A.**<br>5 Calendar Court, Suite 202<br>Post Office Box 6923<br>Columbia, South Carolina 29260<br>(803) 881-8920<br>andrew@ldlawsc.com |
| January 23, 2026<br>Columbia, South Carolina | *Attorneys for Defendant* |